THOS. L. JONES ET AL. *v.* NEWPORT & LICKING TPK. R. CO.

[Abstract Kentucky Law Reporter, Vol. 3—252.]

**Corporations—Increase of Stock.**

The sole owners of the chartered rights and franchises of the corporation as well as its property have the right to increase the capital stock and prescribe the terms on which it may be sold.

**Corporations—Acquiescence in Action Increasing Stock.**

Subscribers to an increased issue of stock may not raise the question of the right to increase the stock where they have accepted the stock and acquiesced in the arrangement for upward of eleven years.

APPEAL FROM CAMPBELL CHANCERY COURT.

September 9, 1882.

OPINION BY JUDGE LEWIS:

Though the statement of facts agreed upon by the parties in this case is not as full or clear as it should be, it sufficiently appears that the original stockholders of the Newport & Licking Tpk. R. Co. authorized the increase of their own stock and it was issued to them before any more stock of the company was subscribed or sold. We think it is also shown that the new stockholders had notice before subscribing or purchasing that such issue of additional stock to the original stockholder had been made.

The additional or increased stock thus issued to the original stockholders amounted to 100%, or double the amount originally subscribed and paid in, and was ascertained and determined by the amount of tolls that were collected and applied to repairing the road from 1856, when the road was completed, to the 1st of January, 1870.

As to the power of the original stockholders under the charter to thus increase or to fix a value upon their own stock subscribed and paid in more than fifteen years previously, we perceive no difficulty. For they were the sole owners of the chartered rights and franchises of the corporation as well as the property, and certainly had the right to prescribe the terms upon which others might become members and jointly entitled

to the privileges and benefits of the corporation.   To deny them this right is to arbitrarily and against their will fix a value upon property which they are as free to dispose of as any other property.

It can not be pretended that they had not the right to prescribe the terms upon which others might become stockholders; and the new stockholders having subscribed or purchased stock upon the terms prescribed, and acquiesced for about eleven years, have no right now to complain, particularly in the absence of any allegation of fraud or mistake.

Wherefore the judgment of the court below, except so much thereof as relates to the stock issued to T. L. Jones, is *reversed* and cause remanded with directions for further proceedings consistent with this opinion.

*O'Hara & Bryan, for appellants.*

*Jas. C. Wright, for appellees.*